UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Gail Fox and Ralph Wass</u>

     v.                          Civil No. 19-cv-1035-JD
                                        Opinion No. 2020 DNH 074
<u>Ocwen Loan Servicing, LLC</u>
<u>and HSBC Bank USA, National</u>
<u>Association, as Trustee for SG</u>
<u>Mortgage Securities Trust 2006-OPT2,</u>
<u>Asset Backed Certificates,</u>
<u>Series 2006-OPT-2</u>


<u>O R D E R</u>

Gail Fox and Ralph Wass filed a complaint in state court to enjoin the foreclosure sale of their home.  Ocwen Loan Servicing, LLC and HSBC Bank USA ("the defendants") removed the case to this court and moved to dismiss.  Fox and Wass filed an emergency motion to stay the foreclosure sale that was scheduled for the next morning.  Because Fox and Wass did not show a likelihood of success on the merits of their complaint, the court denied their motion to stay the foreclosure sale.  Several days later, the court ordered Fox and Wass to show cause why the case should not be dismissed as moot, in light of the foreclosure sale that had been scheduled and presumably had occurred.

In response, Fox and Wass filed a motion to stay because they had filed for bankruptcy before the foreclosure sale was held.  The case was stayed pending resolution of the bankruptcy proceeding or an order of the bankruptcy court lifting the stay.

On April 13, 2020, the defendants moved to lift the stay and moved to dismiss the complaint.  In support of lifting the stay, the defendants represent that Fox's bankruptcy case was dismissed on February 28, 2020.  They also provide a copy of the bankruptcy court's order, dismissing Fox's case.  Fox and Wass, who are represented by counsel, did not file a response to either of the defendants' motions.

I.  Motion to Lift Stay

An automatic stay under 11 U.S.C. § 362(a) is lifted when the bankruptcy case is dismissed.  Salomon Btros. Realty Corp. v. Lomagno (In re Lomagno), 320 B.R. 473, 479 (1st Cir. BAP 2005).  Based on the copy of the bankruptcy court's order and the defendants' representation, Fox's bankruptcy case has been dismissed and the stay under § 362(a) has been lifted.  Because the automatic stay has been lifted, the stay in this case is lifted, and the case may proceed.

II.  Motion to Dismiss

The defendants move to dismiss the complaint filed by Fox
and Wass on the ground that it is barred by the doctrine of res
judicata and fails on the merits.  Fox and Wass did not respond.

A.  Standard of Review

In considering a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6), the court accepts the well-pleaded
factual allegations in the complaint as true and construes
reasonable inferences in the plaintiff's favor.  Breiding v.
Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019).  "To
withstand a Rule 12(b)(6) motion, a complaint must contain
sufficient factual matter to state a claim to relief that is
plausible on its face."  Rios-Campbell v. U.S. Dept. of
Commerce, 927 F.3d 21, 24 (1st Cir. 2019) (internal quotation
marks omitted).  The purpose of the plausibility standard is to
"weed out cases that do not warrant either discovery or trial."
Id. (internal quotation marks omitted).

B.  Background

Fox and Wass filed a previous suit, Fox v. Ocwen Loan
Servicing, LLC, 17-cv-193-JD (D.N.H filed May 17, 2017) ("Fox
I"), in state court against Ocwen Loan Servicing and HSBC Bank,
seeking an injunction to bar the foreclosure sale of their home.

3

The defendants, who are the same defendants named in this case, removed Fox I to this court.  Although Fox and Wass were represented by counsel when the case began, counsel withdrew, and Fox and Wass then proceeded pro se through motion practice and discovery.

The defendants moved for summary judgment on the ground that HSBC Bank held the note and mortgage on the property and had the authority to foreclose on the mortgage.  In response, Fox and Wass argued that the documents filed by the defendants showed two different versions of the "mortgage note" and asserted that the identity of the maker of the note was in dispute.  They also disputed the assignment of the mortgage to HSBC Bank.

The court granted summary judgment in favor of the defendants on the ground that there was no genuine dispute that the defendants had the authority to foreclose.  Judgment was entered on May 13, 2019.  Fox and Wass filed the complaint in this case on September 9, 2019.


C.  Res Judicata

The defendants move to dismiss on the ground that the judgment in Fox I bars Fox and Wass from pursuing their claims in this case, Fox II.  The preclusive effect in federal court of a prior federal court judgment is determined under federal

common law.[1] Robb Evans & Assocs., LLC v. United States, 850 F.3d 24, 32 (1st Cir. 2017).  "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Breneneman v. United States ex rel. FAA, 381 F.3d 33, 38 (1st Cir. 2004); accord Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012).

"To establish claim preclusion, the defendant must show that (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related."  Metzier Asset Mgmt. GmbH v. Kingsley, 928 F.3d 151, 156 (1st Cir. 2019) (internal quotation marks omitted).  "The principle of collateral estoppel, or issue preclusion . . . bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim."  Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 51, (1st Cir. 1997).

---

[1] The defendants erroneously cite New Hampshire common law in support of their motion.

The parties in this case are the same as the parties in Fox I.  Fox I ended in a final judgment, entered on May 13, 2019.  Therefore, the only question is whether the claims or issues in the two cases are the same or, if not, whether Fox and Wass could have brought the claims they raise here in Fox I.

In Fox I, Fox and Wass challenged the defendants' authority to foreclose on their property.  Count I sought an injunction against foreclosure to allow time to review the original mortgage documents and in particular to "view the 'wet signature' mortgage documents."  Doc. 1-1, at 6.  Count II sought an award of fees under RSA 361-C:2, and Count III was titled "Reservation of Right to Amend."  In support, Fox and Wass alleged that the assignment of their mortgage to HSBC Bank was invalid, that they did not execute a mortgage to the assignor, and that the mortgage held by HSBC Bank was different from the mortgage they signed.  Summary judgment was granted in favor of the defendants.

In this suit, Fox and Wass again seek an injunction against the foreclosure sale of the property.  They allege that they accumulated new evidence after judgment was entered in Fox I.  They allege that they discovered that the warranty deed to the property, from Karen D. Blunden, was not executed in accordance with New Hampshire law because the signature was not witnessed

or notarized at the time of signing and, for that reason, did
not convey title to them.

They also allege that the mortgage on the property "has
been forged and altered."  Doc. 1-1, at *11.  In support, they
point out perceived discrepancies between different copies of
the mortgage.  They also allege that Fox's purported signature
on the mortgage is not her signature and challenge Fox's own
affidavit about her name.  Fox and Wass assert that no one
notarized Fox's signature at the time of signing the mortgage.

Fox and Wass further allege that they suspect some
malfeasance related to Fox's deceased father's financial
investments.  They allege that as executor of her father's
estate, Fox has looked into her father's assets.  In that
regard, she

> has been attempting to unravel why, when her father's
> investments were liquidated unexpectedly after being
> transferred into funds related to the SG Mortgage
> Trust 2006-OPT2 without her father's consent, and has
> acquired evidence that connects her father's
> investments to the Loan at issue and possible
> misappropriation of the investment portfolio assets
> and incomes that should have paid of the Loan, but did
> not due to the fraudulent behavior of Ocwen, HSBC
> Bank, and other parties that include Merrill Lynch and
> Bank of America.

Doc. 1-1, at *14.

As the defendants point out, Fox and Wass are bringing the
same claim, seeking an injunction against the mortgage
foreclosure sale, based on the same or slightly different

7

grounds.  Fox and Wass do not explain why they could not have
raised the claims they now raise about the validity of the deed
and mortgage while litigating Fox I.[2]  Their allegation that they
discovered the issues after Fox I does not show that those
matters were not apparent when they examined the same documents
during Fox I.

Therefore, Fox and Wass are precluded by the judgment in
Fox I from seeking an injunction against the foreclosure sale on
the property based on the same or similar claims.

D.  Merits

The defendants also move to dismiss the complaint on the
merits.  They contend that if the deed to the property was
ineffective to convey the property to Fox and Wass, they lack
standing to challenge the foreclosure sale.  The defendants also
contend that the alleged discrepancies in versions of the
mortgage do not show that the mortgage is invalid.

Because Fox and Wass did not respond to the motion, they do
not dispute these additional grounds for dismissal.

---

[2] The allegations about Fox's suspicions related to her
father's investment portfolio do not state a plausible claim for
relief.

Conclusion

For the foregoing reasons, the defendants' motion to lift the stay (document no. 18) is granted.  The defendants' motion to dismiss (document no. 19) is also granted.  The case is dismissed with prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 5, 2020

cc: Counsel of record.